```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ARMOND McCLOUD,

                    Petitioner,

        -against-

SUPERINTENDENT of the Wende
Correctional Facility,

                    Respondent.
-----------------------------------------------------------------x
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 13 2009

P.M.
TIME A.M.

**TRANSFER ORDER**

09-CV-4787 (SLT)

**TOWNES, United States District Judge:**

Petitioner *pro se* Armond McCloud is currently incarcerated in a New York State prison, where he is serving sentences totaling 25 years to life imprisonment for his 1996 conviction on two counts of murder in the second degree and one count of criminal possession of a weapon in the second degree. In 2000, after the Appellate Division of the Supreme Court of the State of New York affirmed his conviction, *People v. McCloud*, 247 A.D.2d 409, 668 N.Y.S.2d 649 (App. Div. 1998), and after his application for leave to appeal to the New York State Court of Appeals was denied, *People v. McCloud*, 91 N.Y.2d 975, 672 N.Y.S.2d 854 (N.Y. 1998), petitioner sought a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. In a memorandum and order dated February 26, 2004, Judge Frederic Block denied that petition. *McCloud v. Griener*, No. CV-00-2048 (FB), slip op. at 8 (E.D.N.Y. Feb. 26, 2004).

Petitioner has now filed a two-page document in which he seeks "permission to file [a] successive petition" for a writ of habeas corpus. *See* Motion for Permission to File Successive Petition, dated Oct. 19, 2009, at 1. Although petitioner has addressed his motion to this Court, 28 U.S.C. § 2244 provides that such an application can only be made to the United States Court of Appeals. Specifically, 28 U.S.C. § 2244 (b)(3)(A) states:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.



In other words, a "second or successive" habeas petition "may not be filed in a district court, unless the petitioner first obtains the authorization of the court of appeals, certifying that the petition conforms to specified statutory requirements." *Whab v. United States*, 408 F.3d 116, 118 (2d Cir. 2005).

This Court may, in the interest of justice, transfer civil actions over which this Court lacks jurisdiction to "any other ... court in which the action ... could have been brought at the time it was filed ...." 28 U.S.C. § 1631. The Second Circuit Court of Appeals has held that "when a second or successive petition for habeas corpus relief ... is filed in a district court without the authorization by [the Second Circuit] that is mandated by § 2244 (b)(3), the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice pursuant to § 1631 ...." *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (per curiam); *see also Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003) (a district court "must" transfer a second or successive § 2254 application to the Second Circuit). In accordance with the Second Circuit's dictates, the instant motion is hereby transferred to the United States Court of Appeals for the Second Circuit. *See Liriano*, 95 F.3d at 123; *Torres*, 316 F.3d at 151; 28 U.S.C. § 1631.

## *CONCLUSION*

For the reasons set forth above, the instant motion for permission to file a successive petition for a writ of habeas corpus is transferred to the United States Court of Appeals for the Second Circuit. Upon transferring this motion, the Clerk of Court is directed to close this case.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: November 12, 2009
Brooklyn, New York